STATE OF INDIANA )  IN THE WHITE CIRCUIT COURT
                           ) SS
COUNTY OF WHITE )  CAUSE NO. 91C01-1608-PL- 000019

WILLIAM L. PARKINSON, Individually and Settlor )
and Trustee of; and )
MICHAEL L. PARKINSON as co-trustee of; )
THE PARKINSON FAMILY TRUST/ MARIA T. )
PARKINSON BY-PASS TRUST, and )
YVONNE PARKINSON, )
      Plaintiffs )
       )
      vs. )
       )
JOHN CHRISTOPHER PARKINSON, )
WILLIAM KENTON PARKINSON, )
ALEXANDER PARKINSON, )
      Defendants )

CLERK WHITE CIRCUIT COURT

REC'D CERT.  AUG 1 6 2016

**Synopsis**. This Complaint alleges that in a series of ongoing related tortious actions spanning a period in excess of two years, Chris Parkinson and Kent Parkinson pursued a common course of action where by fraud, coercion, harassment, malicious prosecution and other unlawful acts they sought to remove William L. Parkinson and Michael L. Parkinson as co-trustees of the Parkinson Family Trust, all for the purpose of obtaining control of the Parkinson Family Trust to insure their perceived inheritances.

## COMPLAINT

Comes now William L. Parkinson, individually and as Settlor and Trustee of the

Parkinson Family Trust / Maria T. Parkinson By-Pass Trust, by counsel John Morris, and

comes Michael L. Parkinson as co-trustee of the Parkinson Family Trust / Maria T.

Parkinson By-Pass Trust, and comes Yvonne Parkinson, and for their Complaint against

John Christopher Parkinson, William Kenton Parkinson, and Alexander Parkinson,

allege:

1. At all times relevant, Maria T. Parkinson was a resident of White County, Indiana.

2. At all times relevant through 2015, William L. Parkinson was a resident of White

   County, Indiana, and purchased a second residence located at 1303 Shining Armor

1

Lane, West Lafayette, Indiana 47906, County of Tippecanoe where he began residing

in the spring of 2015 and remains to present.

3. At all times relevant, Michael Parkinson and Yvonne Parkinson, husband and wife, have resided at 1327 Shining Armor Lane, West Lafayette, Indiana, County of Tippecanoe.

4. At all times relevant, Defendant John Christopher Parkinson (hereinafter "Chris Parkinson") has been a resident of Florida, presently residing at 4887 SW 183 Ave, Miramar, FL 33029.

5. At all times relevant William Kenton Parkinson (hereinafter "Kent Parkinson") was a resident of Tippecanoe County, Indiana, until relocating to his present residence, 4100 North Gloster Street, No. 108, Tupelo, Mississippi 38804 in 2015.

6. At all times relevant, Alexander Parkinson, (hereinafter "Alex Parkinson") has been a resident of Tippecanoe County presently residing at 2476 Cascade Court, West Lafayette, IN 47906.

7. On February 19, 1996, William L. Parkinson and Maria T. Parkinson, husband and wife, while domiciled at 5516 W 1200 S, Brookston, Indiana in White County, executed as Settlors and Original Trustees a revocable trust known as The Parkinson Family Trust, which was restated by the same on May 24, 2012, at their said residence in White County, Indiana.

8. The said trust was created for estate planning purposes and for the primary benefit of the Settlors.

9. The Settlors' three sons, Kent Parkinson, Michael Parkinson, and Chris Parkinson, were designated as contingent beneficiaries of the trust.

REC'D CERT.   AUG 1 6 2016

CLERK WHITE CIRCUIT COURT

10. The said Trust was primarily funded with all farm land and other real estate of William L. Parkinson and Maria T. Parkinson, which was located in White County and Tippecanoe County, State of Indiana.

11. On or about April 28, 2014, Maria T. Parkinson was treated and released for hypothyroidism at St. Elizabeth Hospital East in Lafayette, Indiana and was later admitted from May 3, 2014 to May 21, 2014 for enlarged lymph nodes.

12. During the week of May 4, 2014, Chris Parkinson attempted to interfere in the health care decisions of Maria T. Parkinson, against the wishes of William L. Parkinson as Maria T. Parkinson's attorney-in-fact.

13. Had such interference succeeded, Maria T. Parkinson would likely have died of cardiac failure on or about May 11, 2014.

14. From July 5, 2014 to July 16, 2014, Maria T. Parkinson was admitted to St. Elizabeth Hospital Central in Lafayette, Indiana.

15. On or about July 13, 2014, Chris Parkinson attempted for a second time to interfere with the health care decisions by William L. Parkinson and Michael L. Parkinson as attorneys-in-fact for Maria T. Parkinson.

16. On or about July 13, 2014, Chris Parkinson pressured William L. Parkinson to disregard the recommendations of Maria T. Parkinson's hospitalist regarding her care.

17. Said pressuring resulted in a breach in the relationship between Chris Parkinson and William L. Parkinson.

18. William L. Parkinson's cell phone account's call records were accessed in July and August of 2014 by Chris Parkinson.

19. William L. Parkinson, on or after July 13, 2014, phoned his and Maria T. Parkinson's estate planning attorney, Paul Paskey.

REC'D CERT.   AUG 16 2016

3

20. Chris Parkinson and Kent Parkinson had reason to believe that William L. Parkinson was intending to alter his and Maria T. Parkinson's estate plan.

21. On or about August 12, 2014, Chris Parkinson and Kent Parkinson entered into a conspiracy to accomplish by fraud and coercion removal of William L. Parkinson and Michael L. Parkinson as co-trustees of the Parkinson Family Trust to prevent what they feared to be a removal of them and, indirectly, their families as contingent beneficiaries.

22. On August 27, 2014, Chris Parkinson with the support of Kent Parkinson filed a suit in Tippecanoe County Circuit Court, 79C01-1408-TR-000008, to accomplish those ends.

23. On August 30, 2014, Maria T. Parkinson died at IU Arnett Hospital in Lafayette Indiana after a series of hospitalizations during the summer of 2014.

24. The Parkinson Family Trust credit shelter provision resulted in creation and funding of a credit shelter trust known as the Maria T. Parkinson By-Pass Trust.

## COUNT I - CONSPIRACY

25. The foregoing rhetorical paragraphs are hereby incorporated.

26. On August 12, 2014, Chris Parkinson and Kent Parkinson entered into a meeting of the minds to take the actions against William L. Parkinson, Michael L. Parkinson, and Yvonne Parkinson, described in this Complaint.

27. Their primary object was to coerce, induce or force William L. Parkinson by unlawful means to relinquish control of his trust estate so as to secure Chris Parkinson's and Kent Parkinson's contingent inheritances from the Parkinson Family Trust.

REC'D CERT.   AUG 1 6 2016

4

28. Toward said end, they conspired to harm by fraud, libel and slander the reputations of
William L. Parkinson, Michael L. Parkinson, and Yvonne Parkinson.

29. In furtherance thereof, Chris Parkinson and Kent Parkinson conspired to do or
induced others to engage in the tortious acts alleged in this Complaint.

30. As a proximate result therefrom, William L. Parkinson suffered a loss of control of
his trust estate, loss of his right to the full enjoyment of his property, suffered
litigation and other expenses, harm to his health, pain and suffering, and emotional
distress.

WHEREFORE, William L. Parkinson requests judgment against Chris Parkinson and
Kent Parkinson for conspiracy in an amount that will fully and fairly compensate William
L. Parkinson, for pain and suffering, for costs, attorney fees and for all other relief proper
in the premises.

## COUNT II – TRESPASS AGAINST THE PERSON

31. The foregoing rhetorical paragraphs are hereby incorporated.

32. On August 12, 2014, Kent Parkinson forcibly separated William L. Parkinson from
his driver and escort, Yvonne Parkinson, against the wishes of William L. Parkinson,
at St. Elizabeth Hospital East in Lafayette, Indiana.

33. Kent Parkinson isolated William L. Parkinson in the hospital room of Maria T.
Parkinson, and attempted to coerce William L. Parkinson to change his and Maria T.
Parkinson's trust and power of attorney documents to his and Chris Parkinson's
benefit.

34. William L. Parkinson did not believe he was free to leave.

REC'D CERT.  AUG 16 2016

5

35. Kent Parkinson restricted William L. Parkinson's liberty and committed confinement against William L. Parkinson.

36. William L. Parkinson suffered a loss of his freedom and liberty, suffered humiliation and emotional harm.

37. Said act was reckless, intentional, and malicious.

38. Chris Parkinson was a co-conspirator in said act and actions of Kent Parkinson.

WHEREFORE, William L. Parkinson requests judgment against Kent Parkinson and Chris Parkinson in an amount that will fully and fairly compensate William L. Parkinson for trespass against his person, his property and his rights, for pain and suffering, for costs, attorney fees and for all other relief proper in the premises.

## COUNT III – PERSONAL TRESPASS AND TORTOUS INTERFERENCE WITH A FIDUCIARY RELATIONSHIP

39. The foregoing rhetorical paragraphs are hereby incorporated.

40. During the month of August 2014, William L. Parkinson and Michael L. Parkinson were the duly authorized representatives and/or attorneys-in-fact for Maria T. Parkinson.

41. As a result of Kent Parkinson's aforesaid conduct on August 12, 2014, William L. Parkinson was placed in apprehension of entering the hospital to visit his wife.

42. Efforts of William L. Parkinson and Michael Parkinson to communicate with Kent Parkinson and Chris Parkinson to resolve the problem were ignored by Kent Parkinson and Chris Parkinson.

43. On or about August 20, 2016, William L. Parkinson advised the proper authority of I.U. Arnett Hospital in Lafayette, Indiana, that he did not want Chris Parkinson, Kent

REC'D CERT.  AUG 1 6 2016

Parkinson, Alex Parkinson, and other members of their families to enter Maria T.

Parkinson's hospital room, which request said hospital recognized and after informing

said persons sought to enforce.

44. Kent Parkinson, nevertheless, continued to enter into Maria T. Parkinson's hospital

room thereafter.

45. Chris Parkinson was a co-conspirator in said acts.

46. Kent Parkinson engaged in said conduct intentionally and maliciously.

47. William L. Parkinson feared for the safety and welfare of his wife.

48. As a result of said interference, William L. Parkinson suffered emotional harm and

physical harm.

49. Said interference violated the inherent and statutory rights of William L. Parkinson to

visit his wife without restriction or hindrance.

50. As a result of said acts, William L. Parkinson hired security guards as his escorts to

and from the hospital for his own protection.

WHEREFORE, William L. Parkinson seeks judgment against Kent Parkinson that

will fully and fairly compensate him for personal trespass and tortuously interfering in a

fiduciary relationship, for emotional and physical harm; and against Chris Parkinson for

conspiracy; and for costs, attorney fees and for all other relief proper in the premises.


## COUNT IV – MALICOUS PROSECUTION FOR FALSE INFORMING APS

51. The foregoing rhetorical paragraphs are hereby incorporated.

52. On or about August 20, 2014, Chris Parkinson and Kent Parkinson caused a report to

be filed with the Tippecanoe County Adult Protective Services.

53. The Report alleged that William L. Parkinson was an adult in need of services.

REC'D CERT.  AUG 1 6 2016

54. Chris Parkinson knew that said report was false and intentionally and maliciously caused said report to be filed.

55. Kent Parkinson knew that said report was false and intentionally and maliciously caused said report to be filed.

56. William L. Parkinson had to retain legal counsel to defend him against said report.

57. Adult Protective Services dismissed said report.

58. Said report caused William L. Parkinson to suffer fright, humiliation, embarrassment, and mental anguish.

59. Said report cause harm to William L. Parkinson's physical health.

WHEREFORE, William L. Parkinson seeks judgment against Chris Parkinson and Kent Parkinson for malicious prosecution in an amount that will fully and fairly compensate him for harm to his physical and emotional health, for pain and suffering for costs, attorney fees and for all other relief proper in the premises.


## COUNT V – ABUSE OF PROCESS FOR FALSE INFORMING TO APS

60. The foregoing rhetorical paragraphs are hereby incorporated.

61. Chris Parkinson and Kent Parkinson caused the aforesaid report to Adult Protective Services to be filed for the ulterior motive of annoying, harassing and interfering in William L. Parkinson plans to control and revoke The Parkinson Family Trust.

62. Chris Parkinson and Kent Parkinson willfully misused a legal process for said improper purposes.

WHEREFORE, William L. Parkinson seeks judgment against Chris Parkinson and Kent Parkinson for abuse of process in an amount that will fully and fairly compensate

REC'D CERT. AUG 1 6 2016

8

him for harm to his physical and emotional health, for pain and suffering, for costs, attorney fees and for all other relief proper in the premises.

## COUNT VI - MALICOUS PROSECUTION FOR FALSE INFORMING ISP

63. The foregoing rhetorical paragraphs are hereby incorporated.

64. On or about September 4, 2014, Chris Parkinson and Kent Parkinson caused a report to be filed with the Indiana State Police.

65. The Report alleged that William L. Parkinson was a missing person.

66. Chris Parkinson knew that said report was false and intentionally and maliciously caused said report to be filed.

67. Kent Parkinson knew that said report was false and intentionally and maliciously caused said report to be filed.

68. Upon investigation, the Indiana State Police dismissed said report as unfounded.

69. Said report caused William L. Parkinson to suffer fright, humiliation, embarrassment, and mental anguish.

70. Said report caused harm to William L. Parkinson's physical health.

WHEREFORE, William L. Parkinson seeks judgment against Chris Parkinson and Kent Parkinson for malicious prosecution in an amount that will fully and fairly compensate him for harm to his physical and emotional health, for pain and suffering for costs, attorney fees and for all other relief proper in the premises.

## COUNT VII ABUSE OF PROCESS FOR FALSE INFORMING ISP

71. The foregoing rhetorical paragraphs are hereby incorporated.

72. Chris Parkinson and Kent Parkinson caused the aforesaid report to the Indiana State Police to be filed for the ulterior motive of intimidating, annoying, harassing and interfering in William L. Parkinson efforts to control The Parkinson Family Trust.

73. Chris Parkinson and Kent Parkinson willfully misused a legal process for said improper purposes.

WHEREFORE, William L. Parkinson seeks judgment against Chris Parkinson and Kent Parkinson for abuse of process in an amount that will fully and fairly compensate him for harm to his physical and emotional health, for pain and suffering, for costs, attorney fees and for all other relief proper in the premises.

## COUNT VIII - MALICOUS PROSECUTION IN CAUSE 79C01-1408-TR-00008

74. The foregoing rhetorical paragraphs are hereby incorporated.

75. On or about August 27, 2014, Chris Parkinson filed a Petition in Tippecanoe County Circuit Court, State of Indiana, cause 79C01-1408-TR-00008.

76. Said Petition sought removal of William L. Parkinson as Settlor and Co-trustee of the Parkinson Family Trust and removal of Michael L. Parkinson as Co-trustee of the Parkinson Family Trust.

77. Chris Parkinson knowingly, intentionally and maliciously, provided false testimony in and in support of said petition.

78. Kent Parkinson assisted in planning and causing said action.

79. Kent Parkinson knowingly, intentionally and maliciously provided false testimony in support of said petition.

80. Chris Parkinson induced others to provide false or misleading testimony.

81. Kent Parkinson induced others to provide false or misleading testimony.

REC'D CERT.   AUG 16 2016

82. Chris Parkinson knowingly provided false testimony for the purpose of defaming William L. Parkinson, Michael L. Parkinson, and Yvonne Parkinson.

83. Kent Parkinson knowingly provided false testimony for the purpose of defaming William L. Parkinson, Michael L. Parkinson, and Yvonne Parkinson.

84. The Petition was without probable cause.

85. The Petition was dismissed with prejudice.

86. William L. Parkinson and The Parkinson Family Trust – Maria T. Parkinson By-Pass Trust incurred costs and legal fees in excess of $400,000.00 in defending against said action.

87. Said action caused William L. Parkinson to suffer fright, humiliation, embarrassment, and mental anguish.

88. Said action caused William L. Parkinson physical harm.

    WHEREFORE, William L. Parkinson and Michael L. Parkinson request judgment against Chris Parkinson and Kent Parkinson in an amount that will fully and fairly compensate William L. Parkinson and the Parkinson Family Trust – Maria T. Parkinson By-Pass Trust; for harm to William L. Parkinson's physical and emotional health, for pain and suffering, for costs and attorney fees in defending their rights, for costs, attorney fees and for all other relief proper in the premises

### COUNT IX - ABUSE OF PROCESS IN CAUSE 79C01-1408-TR-00008

89. The foregoing rhetorical paragraphs are hereby incorporated.

90. Chris Parkinson initiated and pursued prosecution of cause 79C01-1408-TR-00008 for the ulterior purpose of preventing William L. Parkinson from revoking the Parkinson Family Trust.

REC'D CERT. AUG 1 6 2016

91. As an immediate result of the initiation of cause 79C01-1408-TR-00008, the court assumed jurisdiction over the trust and prevented William L. Parkinson from revoking the Parkinson Family Trust.

92. Upon the death of Maria T. Parkinson on August 30, 2014, the credit shelter trust provisions went into effect and the Maria T. Parkinson By-Pass Trust became irrevocable.

93. Kent Parkinson supported this ulterior motive of the action.

94. The action was initiated for said improper purpose.

95. The action was pursued for the improper and ulterior purpose of gaining control over the entire Parkinson Family Trust.

96. Chris Parkinson and Kent Parkinson knew or had reason to know that William L. Parkinson was in the process of changing the testamentary provisions of the Parkinson Family Trust to the detriment of Chris Parkinson and Kent Parkinson.

97. Chris Parkinson and Kent Parkinson engaged in the acts and actions, including the filing of the Petition of August 27, 2014, for the purpose of preventing William L. Parkinson from changing the said trust provisions.

98. But for said acts and actions, William L. Parkinson would have revoked the Parkinson Family Trust and would have full control over all assets thereof.

WHEREFORE, William L. Parkinson and Michael L. Parkinson request judgment against Chris Parkinson and Kent Parkinson for abuse of process, for an order revoking the Maria T. Parkinson By-Pass Trust and placing its corpus under the control of William L. Parkinson, for compensatory damages for harm to William L. Parkinson's physical and emotional health, for pain and suffering, for costs and attorney fees and for all other relief proper in the premises

REC'D CERT.  AUG 1 6 2016

12

## COUNT X - MALICOUS PROSECUTION AND ABUSE OF PROCESS IN CAUSE
## 79C01-1408-TR-00008 AGAINST YVONNE PARKINSON

99. The foregoing rhetorical paragraphs are hereby incorporated.

100.    Yvonne Parkinson was named as an interested party by Chris Parkinson in cause
79C01-1408-TR-00008.

101.    Chris Parkinson intentionally and maliciously made false defamatory statements
in his verified petition against Yvonne Parkinson.

102.    Kent Parkinson intentionally and maliciously made false defamatory statements
against Yvonne Parkinson in furtherance of the Petition.

103.    Yvonne Parkinson held no fiduciary capacity as to William L. Parkinson, Maria T.
Parkinson, the Parkinson Family Trust or the Maria T. Parkinson By-Pass Trust.

104.    The false statements made against Yvonne were wholly gratuitous, without legal
purpose.

105.    As a result of said statements, Yvonne Parkinson had to retain legal counsel to
protect her personal and professional reputation at a cost in excess of $31,000.

WHEREFORE, Yvonne Parkinson requests judgment against Chris Parkinson and
Kent Parkinson an amount that will fully compensate her for costs and attorney fees, for
the costs of this action, attorney fees and all other relief proper in the premises.


## COUNT XI - VIOLATION OF 42 USC 1983, TRESPASS TO PERSON AND TO
## PROPERTY, CONFINEMENT, AND ASSAULT.

106.    The foregoing rhetorical paragraphs are hereby incorporated.

REC'D CERT.  AUG 16 2016

107.   On October 7, 2015, Kent Parkinson and Alex Parkinson entered upon the property of William L. Parkinson located at 1303 Shining Armor Lane, West Lafayette, Indiana.

108.   William Parkinson had in days prior informed Alex Parkinson to not enter upon his property.

109.   William Parkinson had issued a letter to Alex Parkinson by certified mail in the days prior instructing Alex Parkinson to not enter upon his property, which letter Alex Parkinson had refused.

110.   William Parkinson had been estranged from Kent Parkinson as a result of the aforesaid actions of Chris Parkinson and Kent Parkinson in this Complaint.

111.   William Parkinson instructed Alex Parkinson and Kent Parkinson to leave his property.

112.   Kent Parkinson and Alex Parkinson refused to leave William L. Parkinson's property.

113.   Kent Parkinson attempted to force entry through William L. Parkinson's front door.

114.   Two friends and neighbors of William L. Parkinson sought to come to the aid of William L. Parkinson

115.   Kent Parkinson committed battery against one neighbor, all in the presence of William L. Parkinson and Alex Parkinson.

116.   Alex Parkinson committed assault against one neighbor, all in the presence of William L. Parkinson.

117.   Kent Parkinson created a public disturbance.

118.   Alex Parkinson was a police officer with the Town of Delphi.



14

REC'D CERT.   AUG 16 2016

119.   Alex Parkinson was off-duty at the time of these events.

120.   Alex Parkinson invoked his capacity as a police officer to bar one neighbor from coming to the assistance of William L. Parkinson.

121.   Alex Parkinson acted under color of law thereby.

122.   Kent Parkinson and Alex Parkinson sought to gain entry into William L. Parkinson's home or coerce William L. Parkinson to depart with them by car for the purpose of gaining control of William L. Parkinson and his estate, all for the motive of securing their believed inheritances.

123.   Kent Parkinson and Alex Parkinson immediately thereafter entered the property of William L. Parkinson's farm and proceeded to intimidate and harass William L. Parkinson's contractors.

124.   As a result of said acts and actions William L. Parkinson suffered severe emotional distress, irreparable physical harm, humiliation and ongoing mental anguish.

WHEREFORE, William L. Parkinson requests judgment against Alex Parkinson for violation of his civil rights pursuant to 42 USC 1983, judgment against Kent Parkinson and Alex Parkinson jointly and severally for trespass, assault, and conspiracy to commit, for compensatory damages for pain, suffering, humiliation, mental anguish, physical and emotional harm, for costs, attorney fees and all other relief proper in the premise.


## COUNT XII - TORTIOUS INTERFERENCE IN A BUSINESS RELATIONSHIP

125.   The foregoing rhetorical paragraphs are hereby incorporated.

126.   In April of 2016, Chris Parkinson left a phone message with Douglas Morehouse, President of Morehouse Ag, Inc.

REC'D CERT.  AUG 1 6 2016
15

127. Morehouse Ag, Inc. is an Indiana corporation with a principal address of 12272 S 500 W, Brookston, in White County, Indiana.

128. Morehouse Ag, Inc. has been the tenant farmer of the farmlands in the Parkinson Family Trust for over twenty years.

129. Said phone message advised Morehouse Ag, Inc. that property transactions between Morehouse Ag, Inc. and the Parkinson Farm could be called into question due to "ongoing litigation."

130. Said phone message was intended to harm the business relationship between Morehouse Ag, Inc., William L. Parkinson and the trust(s).

131. Said phone call or message was done intentionally and maliciously

132. Said act caused financial harm to William L. Parkinson and the trust(s).

133. Said act of Chris Parkinson caused William L. Parkinson to suffer mental anguish and physical harm.

134. WHEREFORE, William L. Parkinson and Michael L. Parkinson seek judgment against Chris Parkinson in an amount that will fully and fairly compensative William L. Parkinson and the Maria T. Parkinson By-Pass Trust for harm to the business and business relationships, to William L. Parkinson for mental anguish, for physical harm, and for all other relief proper in the premises.


**COUNT XIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

135. The foregoing rhetorical paragraphs are hereby incorporated.

136. The conduct of Chris Parkinson against William L. Parkinson was extreme and outrageous.

REC'D CERT.  AUG 1 6 2016

16

137.  The conduct of Kent Parkinson against William L. Parkinson was extreme and outrageous.

138.  Said conduct of Chris Parkinson and Kent Parkinson intentionally or recklessly caused severe emotional distress to William L. Parkinson.

139.  Said conduct has caused irreparable physical harm to William L. Parkinson.

WHEREFORE, William L. Parkinson requests judgment against Chris Parkinson and Kent Parkinson in an amount that will fully and fairly compensate William L. Parkinson for intentional infliction of emotional distress, for irreparable physical harm, for costs, attorney fees and for all other relief proper in the premises.


## COUNT IX – DECLARATORY RELIEF

140.  Article 3(B)4(d) of the Parkinson Family Trust – Maria T. Parkinson By-Pass Trust states that an independent trustee may disburse any amount up to the whole of the principal of the trust(s) that the independent trustee may consider reasonable in its sole discretion for any purpose.

141.  Distribution of the corpus of the Maria T. Parkinson By-Pass Trust to William L. Parkinson would serve the health and welfare of William L. Parkinson by preserving him from further physical and emotional harm from the defendants, from further draining the resources of William L. Parkinson by the prospect of unending litigation, by obviating the need for pending litigation.

142.  Michael L. Parkinson is an independent trustee within the meaning of the said trust(s)

REC'D CERT.  AUG 1 6 2016

17

143. William L. Parkinson wishes Michael L. Parkinson to distribute to him the whole corpus of the Maria T. Parkinson By-Pass Trust, and Michael L. Parkinson is agreeable thereto.

144. Any act or action Michael L. Parkinson might take in his capacity as an independent trustee would lead to additional litigation.

145. To avoid such litigation, Michael L. Parkinson seeks a declaratory judgement to decide the issue of whether Michael L. Parkinson may lawfully distribute the whole or part of the corpus of the said trust to William L. Parkinson.

WHEREFORE, Michael L. Parkinson, Co-trustee, seeks a judgment as whether or not he has the authority to distribute the corpus of the Maria T. Parkinson By-Pass Trust, in whole or in part, to William L. Parkinson.

Respectfully submitted,

John Morris
Attorney at Law
1216 Main Street
Lafayette, IN 47901
(765) 742-8122
Attorney for William L. Parkinson

Michael L. Parkinson
Parkinson Law Office
816 Main Street
Lafayette, IN 47901
(765) 742-7109
Co-Trustee

Yvonne Parkinson
1327 Shining Armor Lane
West Lafayette, IN 47906

REC'D CERT.   AUG 1 6 2016

18