UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| WILLIAM L. PARKINSON, Individually and Settlor and Trustee of; and<br>MICHAEL L. PARKINSON as co-trustee of;<br>THE PARKINSON FAMILY TRUST/ MARIA T. PARKINSON BY-PASS TRUST, and<br>YVONNE PARKINSON,<br>  Plaintiffs<br><br>  vs.<br><br>JOHN CHRISTOPHER PARKINSON,<br>WILLIAM KENTON PARKINSON,<br>ALEXANDER PARKINSON,<br>  Defendants | 4:16-CV-00073-JVB-PRC |

**Synopsis**.  This Complaint alleges that in a series of ongoing related tortious actions spanning a period in excess of two years, Chris Parkinson and Kent Parkinson pursued a common course of action where by fraud, coercion, harassment, malicious prosecution and other unlawful acts they sought to remove William L. Parkinson and Michael L. Parkinson as co-trustees of the Parkinson Family Trust, all for the purpose of obtaining control of the Parkinson Family Trust to insure their perceived inheritances.

## AMENDED COMPLAINT

Comes now William L. Parkinson, individually and as Settlor and Trustee of the Parkinson Family Trust / Maria T. Parkinson By-Pass Trust, by counsel John Morris; and comes Michael L. Parkinson as co-trustee of the Parkinson Family Trust / Maria T. Parkinson By-Pass Trust; and comes Yvonne Parkinson, by counsel Larry Dill; and for their Complaint against John Christopher Parkinson, William Kenton Parkinson, and Alexander Parkinson, allege:

1.  At all times relevant, Maria T. Parkinson was a resident of White County, Indiana.

2.  At all times relevant through 2015, William L. Parkinson was a resident of White County, Indiana, and purchased a second residence located at 1303 Shining Armor Lane,

West Lafayette, Indiana 47906, County of Tippecanoe where he began residing in the spring of 2015 and remains to present.

3. At all times relevant, Michael Parkinson and Yvonne Parkinson, husband and wife, have resided at 1327 Shining Armor Lane, West Lafayette, Indiana, County of Tippecanoe.

4. At all times relevant, Defendant John Christopher Parkinson (hereinafter "Chris Parkinson") has been a resident of Florida, presently residing at 4887 SW 183 Ave, Miramar, FL 33029.

5. At all times relevant William Kenton Parkinson (hereinafter "Kent Parkinson") was a resident of Tippecanoe County, Indiana, until relocating to his present residence, 4100 North Gloster Street, No. 108, Tupelo, Mississippi 38804 in 2015.

6. At all times relevant, Alexander Parkinson, (hereinafter "Alex Parkinson") has been a resident of Tippecanoe County presently residing at 2476 Cascade Court, West Lafayette, IN 47906.

7. On February 19, 1996, William L. Parkinson and Maria T. Parkinson, husband and wife, while domiciled at 5516 W 1200 S, Brookston, Indiana in White County, executed as Settlors and Original Trustees a revocable trust known as The Parkinson Family Trust, which was restated by the same on May 24, 2012, at their said residence in White County, Indiana.

8. The said trust was created for estate planning purposes and for the primary benefit of the Settlors.

9. The Settlors' three sons, Kent Parkinson, Michael Parkinson, and Chris Parkinson, were designated as contingent beneficiaries of the trust.

10. The said Trust was primarily funded with all farm land and other real estate of William L. Parkinson and Maria T. Parkinson, which was located in White County and Tippecanoe County, State of Indiana.

11. On or about April 28, 2014, Maria T. Parkinson was treated and released for hypothyroidism at St. Elizabeth Hospital East in Lafayette, Indiana and was later admitted from May 3, 2014 to May 21, 2014 for enlarged lymph nodes.

12. During the week of May 4, 2014, Chris Parkinson attempted to interfere in the health care decisions of Maria T. Parkinson, against the wishes of William L. Parkinson as Maria T. Parkinson's attorney-in-fact.

13. Had such interference succeeded, Maria T. Parkinson would likely have died of cardiac failure on or about May 11, 2014.

14. From July 5, 2014 to July 16, 2014, Maria T. Parkinson was admitted to St. Elizabeth Hospital Central in Lafayette, Indiana.

15. On or about July 13, 2014, Chris Parkinson attempted for a second time to interfere with the health care decisions by William L. Parkinson and Michael L. Parkinson as attorneys-in-fact for Maria T. Parkinson.

16. On or about July 13, 2014, Chris Parkinson pressured William L. Parkinson to disregard the recommendations of Maria T. Parkinson's hospitalist regarding her care.

17. Said pressuring resulted in a breach in the relationship between Chris Parkinson and William L. Parkinson.

18. William L. Parkinson's cell phone account's call records were accessed in July and August of 2014 by Chris Parkinson.

19. William L. Parkinson, on or after July 13, 2014, phoned his and Maria T. Parkinson's estate planning attorney, Paul Paskey.

20. Chris Parkinson and Kent Parkinson had reason to believe that William L. Parkinson was intending to alter his and Maria T. Parkinson's estate plan.

21. On or about August 12, 2014, Chris Parkinson and Kent Parkinson entered into a meeting of the minds to accomplish by fraud and coercion the removal of William L. Parkinson and Michael L. Parkinson as co-trustees of the Parkinson Family Trust.

22. Their object was to prevent what they feared to be a removal of them and, indirectly, their families, as contingent beneficiaries.

23. On August 27, 2014, Chris Parkinson with the support of Kent Parkinson filed a suit in Tippecanoe County Circuit Court, 79C01-1408-TR-000008, to further those ends.

24. On August 30, 2014, Maria T. Parkinson died at IU Arnett Hospital in Lafayette Indiana after a series of hospitalizations during the summer of 2014.

25. The Parkinson Family Trust credit shelter provision resulted in creation and funding of a credit shelter trust known as the Maria T. Parkinson By-Pass Trust.

## COUNT I - CONSPIRACY

26. The foregoing rhetorical paragraphs are hereby incorporated.

27. On August 12, 2014, Chris Parkinson and Kent Parkinson entered into a meeting of the minds to take the actions against William L. Parkinson, Michael L. Parkinson, and Yvonne Parkinson, described in this Complaint.

28. Their primary object was to coerce, induce or force William L. Parkinson by unlawful means to relinquish control of his trust estate so as to secure Chris Parkinson's and Kent Parkinson's contingent inheritances from the Parkinson Family Trust.

29. Toward said end, they conspired to harm by fraud, libel and slander the reputations of William L. Parkinson, Michael L. Parkinson, and Yvonne Parkinson.

30. In furtherance thereof, Chris Parkinson and Kent Parkinson agreed to do or induced others to engage in the tortious acts alleged in this Complaint.

31. As a proximate result therefrom, William L. Parkinson suffered a loss of control of his trust estate, loss of his right to the full enjoyment of his property, suffered litigation and other expenses, harm to his health, pain and suffering, and emotional distress.

   WHEREFORE, William L. Parkinson requests judgment against Chris Parkinson and Kent Parkinson for conspiracy in an amount that will fully and fairly compensate William L. Parkinson for the aforesaid harm, for pain and suffering, for costs, attorney fees and for all other relief proper in the premises.

## COUNT II – TRESPASS AGAINST THE PERSON

32. The foregoing rhetorical paragraphs are hereby incorporated.

33. On August 12, 2014, Kent Parkinson forcibly separated William L. Parkinson from his driver and escort, Yvonne Parkinson, against the wishes of William L. Parkinson, at I.U. Arnett Hospital in Lafayette, Indiana.

34. Kent Parkinson isolated William L. Parkinson in the hospital room of Maria T. Parkinson and attempted to coerce William L. Parkinson to change his and Maria T. Parkinson's trust and power of attorney documents to his and Chris Parkinson's benefit.

35. William L. Parkinson did not believe he was free to leave.

36. Kent Parkinson's actions constituted confinement against William L. Parkinson.

37. William L. Parkinson suffered a loss of his freedom and liberty, suffered humiliation and emotional harm.

38. Said act was reckless, intentional, and malicious.

39. Chris Parkinson was a co-conspirator in said act and actions of Kent Parkinson.

WHEREFORE, William L. Parkinson requests judgment against Kent Parkinson and Chris Parkinson in an amount that will fully and fairly compensate William L. Parkinson for trespass against his person and property, for pain and suffering, for costs, attorney fees and for all other relief proper in the premises.

## COUNT III – PERSONAL TRESPASS AND TORTOUS INTERFERENCE WITH A FIDUCIARY RELATIONSHIP

40. The foregoing rhetorical paragraphs are hereby incorporated.

41. During the month of August 2014, William L. Parkinson and Michael L. Parkinson were the duly authorized representatives and/or attorneys-in-fact for Maria T. Parkinson.

42. As a result of Kent Parkinson's aforesaid conduct on August 12, 2014, William L. Parkinson was placed in apprehension of entering the hospital to visit his wife.

43. Efforts of William L. Parkinson and Michael Parkinson to communicate with Kent Parkinson and Chris Parkinson to resolve the problem were ignored by Kent Parkinson and Chris Parkinson.

44. On or about August 20, 2016, William L. Parkinson advised the proper authority of I.U. Arnett Hospital in Lafayette, Indiana, that he did not want Chris Parkinson, Kent

Parkinson, Alex Parkinson, and other members of their families to enter Maria T. Parkinson's hospital room.

45. The hospital recognized said request, and, after informing said persons, sought to enforce said request.

46. Kent Parkinson, nevertheless, continued to enter into Maria T. Parkinson's hospital room thereafter.

47. Chris Parkinson assisted in planning and executing said acts of Kent Parkinson and was therefore a co-conspirator in said acts.

48. Kent Parkinson engaged in said conduct intentionally and maliciously.

49. William L. Parkinson was concerned for the safety and welfare of his wife.

50. As a result of said interference, William L. Parkinson suffered emotional harm and physical harm.

51. Said interference violated the inherent and statutory rights of William L. Parkinson to visit his wife without restriction or hindrance.

52. As a result of said acts, William L. Parkinson hired security guards as his escorts to and from the hospital for his own protection.

   WHEREFORE, William L. Parkinson seeks judgment against Kent Parkinson that will fully and fairly compensate him for personal trespass and tortiously interfering in a fiduciary relationship, for emotional and physical harm; and against Chris Parkinson for conspiracy; and for costs, attorney fees and for all other relief proper in the premises.

### COUNT IV – MALICIOUS PROSECUTION FOR FALSE INFORMING APS

53. The foregoing rhetorical paragraphs are hereby incorporated.

7

54. On or about August 20, 2014, Chris Parkinson and Kent Parkinson caused a report to be filed with the Tippecanoe County Adult Protective Services.

55. The Report alleged that William L. Parkinson was an adult in need of services.

56. Chris Parkinson knew that said report was false and intentionally and maliciously caused said report to be filed.

57. Kent Parkinson knew that said report was false and intentionally and maliciously caused said report to be filed.

58. William L. Parkinson had to retain legal counsel to defend himself against said report.

59. Adult Protective Services dismissed said report.

60. Said report caused William L. Parkinson to suffer fright, humiliation, embarrassment, and mental anguish.

61. Said report cause harm to William L. Parkinson's physical health.

WHEREFORE, William L. Parkinson seeks judgment against Chris Parkinson and Kent Parkinson for malicious prosecution in an amount that will fully and fairly compensate him, for harm to his physical and emotional health, for pain, suffering, fright, humiliation, embarrassment, and mental anguish, for costs, attorney fees and for all other relief proper in the premises.

### COUNT V – ABUSE OF PROCESS FOR FALSE INFORMING TO APS

62. The foregoing rhetorical paragraphs are hereby incorporated.

63. Chris Parkinson and Kent Parkinson caused the aforesaid report to Adult Protective Services to be filed for the ulterior motive of annoying, harassing and interfering in William L. Parkinson plans to control and revoke The Parkinson Family Trust.

64. Chris Parkinson and Kent Parkinson willfully misused a legal process for said improper purposes.

WHEREFORE, William L. Parkinson seeks judgment against Chris Parkinson and Kent Parkinson for abuse of process in an amount that will fully and fairly compensate him for harm to his physical and emotional health, for pain, suffering, fright, humiliation, embarrassment, and mental anguish, for costs, attorney fees and for all other relief proper in the premises.

### COUNT VI - MALICIOUS PROSECUTION FOR FALSE INFORMING ISP

65. The foregoing rhetorical paragraphs are hereby incorporated.

66. On or about September 4, 2014, Chris Parkinson and Kent Parkinson caused a report to be filed with the Indiana State Police.

67. The Report alleged that William L. Parkinson was a missing person.

68. Chris Parkinson knew that said report was false and intentionally and maliciously caused said report to be filed.

69. Kent Parkinson knew that said report was false and intentionally and maliciously caused said report to be filed.

70. Upon investigation, the Indiana State Police dismissed said report as unfounded.

71. Said report caused William L. Parkinson to suffer fright, humiliation, embarrassment, and mental anguish.

72. Said report caused harm to William L. Parkinson's physical and mental health.

WHEREFORE, William L. Parkinson seeks judgment against Chris Parkinson and Kent Parkinson for malicious prosecution in an amount that will fully and fairly compensate him for harm to his physical and emotional health, for pain, suffering, fright, humiliation,

embarrassment, and mental anguish, for costs, attorney fees and for all other relief proper in the premises.

### COUNT VII ABUSE OF PROCESS FOR FALSE INFORMING ISP

73. The foregoing rhetorical paragraphs are hereby incorporated.

74. Chris Parkinson and Kent Parkinson caused the aforesaid report to the Indiana State Police to be filed for the ulterior motive of intimidating, annoying, harassing and interfering in William L. Parkinson efforts to control The Parkinson Family Trust.

75. Chris Parkinson and Kent Parkinson willfully misused a legal process for said improper purposes.

WHEREFORE, William L. Parkinson seeks judgment against Chris Parkinson and Kent Parkinson for abuse of process in an amount that will fully and fairly compensate him for harm to his physical and emotional health, for pain, suffering, fright, humiliation, embarrassment, and mental anguish, for costs, attorney fees and for all other relief proper in the premises.

### COUNT VIII - MALICIOUS PROSECUTION IN CAUSE 79C01-1408-TR-00008

76. The foregoing rhetorical paragraphs are hereby incorporated.

77. On or about August 27, 2014, Chris Parkinson filed a Petition in Tippecanoe County Circuit Court, State of Indiana, cause 79C01-1408-TR-00008.

78. Said Petition sought removal of William L. Parkinson as Settlor and Co-trustee of the Parkinson Family Trust and removal of Michael L. Parkinson as Co-trustee of the Parkinson Family Trust.

79. Chris Parkinson knowingly, intentionally and maliciously, provided false testimony in and in support of said Petition.

80. Kent Parkinson assisted in planning and causing said action.

81. Kent Parkinson knowingly, intentionally and maliciously provided false testimony in support of said Petition.

82. Chris Parkinson induced others to provide false or misleading testimony.

83. Kent Parkinson induced others to provide false or misleading testimony.

84. Chris Parkinson knowingly provided false testimony for the purpose of defaming William L. Parkinson, Michael L. Parkinson, and Yvonne Parkinson.

85. Kent Parkinson knowingly provided false testimony for the purpose of defaming William L. Parkinson, Michael L. Parkinson, and Yvonne Parkinson.

86. The Petition was without probable cause.

87. The Petition was dismissed with prejudice.

88. William L. Parkinson and The Parkinson Family Trust – Maria T. Parkinson By-Pass Trust incurred costs and legal fees in excess of $400,000.00 in defending against said action.

89. Said action caused William L. Parkinson to suffer fright, humiliation, embarrassment, and mental anguish.

90. Said action caused William L. Parkinson physical harm.

WHEREFORE, William L. Parkinson and Michael L. Parkinson request judgment against Chris Parkinson and Kent Parkinson in an amount that will fully and fairly compensate William L. Parkinson and the Parkinson Family Trust – Maria T. Parkinson By-Pass Trust; for harm to William L. Parkinson's physical and emotional health, for pain, suffering, fright, humiliation,

embarrassment, and mental anguish, for costs, attorney fees and for all other relief proper in the premises.

### COUNT IX - ABUSE OF PROCESS IN CAUSE 79C01-1408-TR-00008

91. The foregoing rhetorical paragraphs are hereby incorporated.

92. Chris Parkinson initiated and pursued prosecution of cause 79C01-1408-TR-00008 for the ulterior purpose of preventing William L. Parkinson from revoking the Parkinson Family Trust.

93. As an immediate result of the initiation of cause 79C01-1408-TR-00008, the court assumed jurisdiction over the trust and prevented William L. Parkinson from revoking the Parkinson Family Trust.

94. Upon the death of Maria T. Parkinson on August 30, 2014, the credit shelter trust provisions went into effect and the Maria T. Parkinson By-Pass Trust became irrevocable.

95. Kent Parkinson supported this ulterior motive of the action.

96. The action was initiated for said improper purpose.

97. The action was pursued for the improper and ulterior purpose of gaining control over the entire Parkinson Family Trust.

98. Chris Parkinson and Kent Parkinson knew or had reason to know that William L. Parkinson was in the process of changing the testamentary provisions of the Parkinson Family Trust to the detriment of Chris Parkinson and Kent Parkinson.

99. Chris Parkinson and Kent Parkinson engaged in the acts and actions, including the filing of the Petition of August 27, 2014, for the purpose of preventing William L. Parkinson from changing the said trust provisions.

100. But for said acts and actions, William L. Parkinson would have revoked the Parkinson Family Trust and would have full control over all assets thereof.

WHEREFORE, William L. Parkinson and Michael L. Parkinson request judgment against Chris Parkinson and Kent Parkinson for abuse of process, for an order revoking the Maria T. Parkinson By-Pass Trust and placing its corpus under the control of William L. Parkinson, for compensatory damages for harm to William L. Parkinson's physical and emotional health, for pain, suffering, fright, humiliation, embarrassment, and mental anguish, for costs, attorney fees and for all other relief proper in the premises.

## COUNT X - MALICIOUS PROSECUTION AND ABUSE OF PROCESS IN CAUSE 79C01-1408-TR-00008 AGAINST YVONNE PARKINSON

101. The foregoing rhetorical paragraphs are hereby incorporated.

102. Yvonne Parkinson was named as an interested party by Chris Parkinson in cause 79C01-1408-TR-00008.

103. Chris Parkinson intentionally and maliciously made false defamatory statements in his verified Petition against Yvonne Parkinson.

104. Kent Parkinson intentionally and maliciously made false defamatory statements against Yvonne Parkinson in furtherance of the Petition.

105. Yvonne Parkinson held no fiduciary capacity as to William L. Parkinson, Maria T. Parkinson, the Parkinson Family Trust or the Maria T. Parkinson By-Pass Trust.

106. The false statements made against Yvonne were wholly gratuitous, without legal purpose.
107. As a result of said statements, Yvonne Parkinson had to retain legal counsel to protect her personal and professional reputation at a cost in excess of $31,000.

WHEREFORE, Yvonne Parkinson requests judgment against Chris Parkinson and Kent Parkinson an amount that will fully compensate her for costs and attorney fees, for the costs of this action, attorney fees, and all other relief proper in the premises.

## COUNT XI - TRESPASS TO PERSON AND TO PROPERTY, CONFINEMENT, ASSAULT, SLANDER, AND TORTIOUS INTERFERENCE IN A BUSINESS RELATIONSHIP

108. The foregoing rhetorical paragraphs are hereby incorporated.
109. On October 7, 2015, Kent Parkinson and Alex Parkinson entered upon the property of William L. Parkinson located at 1303 Shining Armor Lane, West Lafayette, Indiana.
110. William Parkinson had in days prior informed Alex Parkinson to not enter upon his property.
111. William L. Parkinson had issued a letter to Alex Parkinson by certified mail in the days prior instructing Alex Parkinson to not enter upon his property, which letter Alex Parkinson had refused.
112. William L. Parkinson had been estranged from Kent Parkinson as a result of the aforesaid actions of Chris Parkinson and Kent Parkinson in this Complaint.
113. William L. Parkinson instructed Alex Parkinson and Kent Parkinson to leave his property.
114. Kent Parkinson and Alex Parkinson refused to leave William L. Parkinson's property.

115. Kent Parkinson attempted to force entry through William L. Parkinson's front door.

116. Two neighbors of William L. Parkinson sought to come to the aid of William L. Parkinson.

117. Kent Parkinson seized one neighbor's cell phone from his hands, pushed said neighbor, and without authority ordered said neighbor leave William L. Parkinson's premises, all in the presence of William L. Parkinson and Alex Parkinson.

118. Alex Parkinson placed himself directly and immediately behind said neighbor, thereby placing said neighbor in apprehension of bodily harm, all in the presence of William L. Parkinson.

119. Alex Parkinson blocked another neighbor from coming to the aid of William L. Parkinson by informing the neighbor that he was a police officer and that the matter was a family matter.

120. William L. Parkinson closed his front door.

121. Kent Parkinson and Alex Parkinson sought to gain entry into William L. Parkinson's home.

122. Kent Parkinson and Alex Parkinson pounded on said front door.

123. Said acts and action of Kent Parkinson and Alex Parkinson cause William L. Parkinson to be placed in apprehension of immediate physical harm.

124. Kent Parkinson and Alex Parkinson engaged in said acts and actions for the purpose of coercing William L. Parkinson to allow them into William L. Parkinson's home and to depart with them by car for the purpose of gaining control of William L. Parkinson and his estate, all for the motive of securing their believed inheritances.

125. Kent Parkinson and Alex Parkinson immediately thereafter entered the property of William L. Parkinson's farm and grain handling system.

126. Kent Parkinson falsely informed William L. Parkinson's contractors that they would not get paid and demanded information form the contractors, all without legal authority.

127. Said statement was false.

128. Kent Parkinson's acts and actions at said farm were done for the purpose of harming William L. Parkinson's reputation, business, and business relationships.

129. Kent Parkinson's acts and actions were done intentionally and maliciously.

130. Kent Parkinson's acts and actions were done with the cooperation of Alex Parkinson.

131. Alex Parkinson assisted in planning and executing said acts and action of Kent Parkinson.

132. Chris Parkinson assisted in planning and executing said acts and actions of Kent Parkinson and Alex Parkinson.

133. As a result of said acts and actions, William L. Parkinson suffered severe emotional distress, irreparable physical harm, humiliation, ongoing mental anguish, and loss of enjoyment of his property.

134. Said acts and actions caused financial harm to William L. Parkinson and the trust(s).

WHEREFORE, William L. Parkinson requests judgment against Kent Parkinson and Alex Parkinson jointly and severally for trespass, assault, slander, tortious interference with a business relationship, and against Chris Parkinson for conspiracy; for compensatory damages for pain, suffering, humiliation, mental anguish, physical and emotional harm, for costs, attorney fees and all other relief proper in the premise.

## COUNT XII - TORTIOUS INTERFERENCE IN A BUSINESS RELATIONSHIP

135. The foregoing rhetorical paragraphs are hereby incorporated.

136. In April of 2016, Chris Parkinson left a phone message with Douglas Morehouse, President of Morehouse Ag, Inc.

137. Morehouse Ag, Inc. is an Indiana corporation with a principal address of 12272 S 500 W, Brookston, in White County, Indiana.

138. Morehouse Ag, Inc. has been the tenant farmer of the farmlands in the Parkinson Family Trust for over twenty years.

139. Said phone message advised Morehouse Ag, Inc. that property transactions between Morehouse Ag, Inc. and the Parkinson Farm could be called into question due to "ongoing litigation."

140. Said phone message was intended to harm the business relationship between Morehouse Ag, Inc. and William L. Parkinson and his trust(s).

141. Said phone call or message was done intentionally and maliciously

142. Said act caused financial harm to William L. Parkinson and the trust(s).

143. Said act of Chris Parkinson caused William L. Parkinson to suffer mental anguish and physical harm.

   WHEREFORE, William L. Parkinson and Michael L. Parkinson, co-trustee, seek judgment against Chris Parkinson in an amount that will fully and fairly compensative William L. Parkinson and the Maria T. Parkinson By-Pass Trust for harm to the business and business relationships, to William L. Parkinson for mental anguish, for physical harm, and for all other relief proper in the premises.

## COUNT XIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

144.   The foregoing rhetorical paragraphs are hereby incorporated.

145.   The conduct of Chris Parkinson against William L. Parkinson was extreme and outrageous.

146.   The conduct of Kent Parkinson against William L. Parkinson was extreme and outrageous.

147.   Said conduct of Chris Parkinson and Kent Parkinson intentionally or recklessly caused severe emotional distress to William L. Parkinson.

148.   Said conduct has caused irreparable physical harm to William L. Parkinson.

WHEREFORE, William L. Parkinson requests judgment against Chris Parkinson and Kent Parkinson in an amount that will fully and fairly compensate William L. Parkinson for intentional infliction of emotional distress, for physical harm, for costs, attorney fees and for all other relief proper in the premises.

## COUNT XIV– DECLARATORY RELIEF

149.   Article 3(B)4(d) of the Parkinson Family Trust – Maria T. Parkinson By-Pass Trust states that an independent trustee may disburse any amount up to the whole of the principal of the trust(s) that the independent trustee may consider reasonable in its sole discretion for any purpose.

150.   Distribution of the corpus of the Maria T. Parkinson By-Pass Trust to William L. Parkinson would serve the health and welfare of William L. Parkinson by preserving him from further physical and emotional harm from the defendants, from further draining the

resources of William L. Parkinson by the prospect of unending litigation, by obviating the need for pending litigation.

151. Michael L. Parkinson is an independent trustee within the meaning of the said trust(s)

152. William L. Parkinson wishes Michael L. Parkinson to distribute to him the whole corpus of the Maria T. Parkinson By-Pass Trust, and Michael L. Parkinson is agreeable thereto.

153. Any act or action Michael L. Parkinson might take in his capacity as an independent trustee would lead to additional litigation.

154. To avoid such litigation, Michael L. Parkinson seeks a declaratory judgement to decide the issue of whether Michael L. Parkinson may lawfully distribute the whole or part of the corpus of the said trust to William L. Parkinson.

WHEREFORE, William L. Parkinson and Michael L. Parkinson, co-trustee, seek declaratory judgment that an independent trustee has authority to distribute the corpus of the Maria T. Parkinson By-Pass Trust to William L. Parkinson.


Respectfully submitted,


/s/ John Morris                                   /s/ Michael L. Parkinson
John Morris                                       Michael L. Parkinson
Attorney at Law                                   Parkinson Law Office
1216 Main Street                                  816 Main Street
Lafayette, IN  47901                              Lafayette, IN 47901
(765) 742-8122                                    Ph: 765-742-7109
**Attorney for William L. Parkinson**             Fax:    765-429-6601
                                                  parkinson.ml@frontier.com
                                                  **Co-Trustee**

/s/ Larry Dill
Larry Dill
Attorney at Law
PO Box 308
Wolcott, IN 47995
**Attorney for Yvonne Parkinson**

CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record, or by U.S. mail.

s/ Michael L. Parkinson
Michael L. Parkinson